No. 297
MARRIOTT v. HAWK et al
Ohio Appeals, 7th Dist., Mahoning County
Decided Nov. 9, 1923
Motion to certify record sustained, 2 Abs. 195. See also 2 Abs. 212.

951. PRINCIPAL AND AGENT — Payment to person who does not have possession of evidence of debt does not raise a presumption of agency—Burden of proof is upon person who claims payment to show that person not having possession of securities was authorized to receive payment—The acceptance of interest by a creditor through an unauthorized person does not imply an agency to receive payment of principal.

ROBERTS, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action brought by Mr. and Mrs. Marriott to compel the surrender of certain notes and a mortgage on a lot in the City of Youngstown. The evidence disclosed that in 1919 the plaintiff purchased from one Hawk a lot in the City of Youngstown and in part payment assumed the payment of five promissory notes secured by a mortgage then existing upon the premises in favor of the defendant, Hawk. Prior to the filing of the petition the plaintiffs had paid the interest on the notes and had reduced the principal to $333.83, and they offered to pay the balance of this sum to Hawk and had demanded the notes and cancellation of the mortgage, but Hawk had failed and refused to deliver said notes and mortgage to the plaintiffs. At the time these payments were made plaintiffs did not see the notes or mortgages, but credit was given to them by Hawk upon a pass-book.

The defendants, Mason and King, offered evidence which showed that Hawk had sold the notes and mortgage before maturity to Mason and King and that afterward said premises were conveyed to the plaintiffs, who assumed the payment of the mortgage. The defendants also showed that no payments had been made to them and asked for foreclusure of the mortgage. As the lower court held for the defendants, plaintiffs appealed. In also finding for the defendants, the Court of Appeals held:

1. Payment to a person who has not possession of the securities which evidence the debt, properly endorsed, does not raise a presumption of agency in such person to receive payment of the debt or any part of it; and this is so, even if the place of payment is designated in the contract, if the person to whom payment shall be made is not designated.

2. When payment is made to a person not having possession of the securities properly endorsed, the burden of showing that such person was authorized to receive payment for the creditor rests upon the party who makes the claim of payment.

3. When in such case the creditor accepts payments of interest through the medium of an unauthorized person, such conduct does not imply an agency with such unauthorized person to receive payment of the principal or any part thereof.

Attorneys—W. L. Countryman, for Marriott; John B. Morgan, for defendants et al.